**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DR. GENEVIEVE KANTER,
635 Downey Way
VPD 512-J
University of Southern California
Los Angeles, CA 90089

Plaintiff,

vs.

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW,
Washington, DC 20530

Case No. 26-cv-3397

Defendant.

**COMPLAINT**
(Freedom of Information Act)

Plaintiff, Dr. Genevieve Kanter ("Kanter"), brings this action against United States Department of Justice ("DOJ") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

As further alleged below, Plaintiff sought information from DOJ about *qui tam* cases filed between January 1, 2017 and December 31, 2023. Plaintiff intends to combine the results with the results of a prior FOIA request and use that information to examine statutory, regulatory, and case law changes that affect the frequency of *qui tam* filings, case disposition, time from filing to resolution, and judgment and settlement amounts.

Yet despite the clear statutory requirement that an agency respond to a FOIA request within 20 days, and despite Plaintiff's repeated inquiries, Defendant has produced no documents in response to the FOIA request that Plaintiff properly submitted over two years ago. Defendant has not claimed that the requested information is subject to any FOIA exceptions or privilege and have

advanced no other reason why it should not be disclosed. Plaintiff seeks to compel Defendant to comply with their obligations under the FOIA and promptly produce the requested information.

Plaintiff further alleges as follows:

## PARTIES

1. Plaintiff, Dr. Genevieve Kanter, is Associate Professor of Public Policy at the University of Southern California Price School of Public Policy. She is an economist whose research focuses on the economics of regulation, with applications to health care. She has conducted research on conflicts of interest in medicine, Food & Drug Administration advisory committees, and government ethics (*e.g.*, revolving door, transparency).

2. Dr. Kanter's research and essays have been published in leading academic journals, including JAMA, the New England Journal of Medicine, Health Affairs, and Milbank Quarterly, and her work and expert commentary have been featured in major media outlets, including the New York Times, Washington Post, Wall Street Journal, Reuters, Associated Press, National Public Radio, CNBC, Politico, and the Atlantic.

3. Defendant DOJ is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1). DOJ is the federal agency with possession, custody, and control of the requested records and is responsible for fulfilling Plaintiff's FOIA request.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this claim under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

6. As part of an ongoing research project, Dr. Kanter and other academic colleagues are examining statutory, regulatory, and case law changes that affect the frequency of *qui tam* filings, case disposition, time from filing to resolution, and judgment and settlement amounts.

### A. DOJ Responds Promptly to Prior FOIA Request for the Same Information

7. On November 20, 2017, Mr. Jetson Leder-Luis from the Massachusetts Institute of Technology filed a FOIA request with DOJ requesting data concerning *qui tam* cases. *See* Exhibit B.

8. DOJ assigned this request a FOIA tracking number: 145-FOI-15832. *Id.*

9. On March 30, 2018—about four months later—DOJ issued a final determination regarding FOIA Request 145-FOI-15832. In that determination, DOJ agreed to release the information with minor redactions based on Exemption 6.

### B. DOJ Fails to Respond to Dr. Kanter's FOIA Request

10. On February 28, 2024, Dr. Kanter submitted a similar FOIA request, seeking information related to *qui tam* cases filed between January 1, 2017 and December 31, 2023.

11. Dr. Kanter "[r]equested documents/fields relating to the cases include:

- Name of the case
- Date the suit was filed
- Date the AG was served
- District court name
- Docket number
- Primary agency
- DoJ election status (e.g., declined, intervened)
- Date of election
- Settlement, judgment, or dismissal datae [sic]
- Settlement or judgment amount
- Relator share of settlement or judgment

*See* Exhibit A.

12. A true and correct copy of the "Second Qui Tam FOIA Request" is attached as Exhibit A.

13. The DOJ represented that it received the Second Qui Tam FOIA Request on February 29, 2024. *See* Exhibit C.

14. On September 18, 2024, DOJ acknowledged receipt of the Second Qui Tam FOIA Request. *Id.*

15. DOJ assigned FOIA Tracking No. 145-FOI-20532 to the Second Qui Tam FOIA Request. *Id.*

16. In its acknowledgement letter, DOJ stated that "[t]he records you seek require a search in another Office of the Civil Division, and so your request falls within 'unusual circumstances.'" *Id.*

17. DOJ also stated that "[b]ecause of these unusual circumstances, we are extending the time limit to respond to your request beyond the ten additional days provided by the statute."

18. DOJ also assured Dr. Kanter "that this Office will process your request as soon as possible."

19. Despite this assurance, DOJ has still not processed Dr. Kanter's Second Qui Tam FOIA Request.

20. Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request plus another 10-working day extension for unusual circumstances — that is, no later than April 11, 2024 — DOJ was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," and, in the case of an adverse determination, to notify Plaintiff of its appeal rights. 5 U.S.C. § 552(a)(6)(A)(i).

21. DOJ has not made a determination on the Qui Tam FOIA Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i)-(iii). Indeed, that deadline passed more than two years ago.

**COUNT I – FAILURE TO COMPLY WITH FOIA**

22. Dr. Kanter incorporates each of the foregoing paragraphs of this Complaint.

30. Pursuant to FOIA, 5 U.S.C. § 552(a), Dr. Kanter has a statutory right to access requested agency records.

31. DOJ has failed to comply with the time limits prescribed by FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i).

32. DOJ has failed to conduct a reasonable search for records responsive to the Second Qui Tam FOIA Request.

23. DOJ has failed to properly respond to the Second Qui Tam FOIA Request, as required by 5 U.S.C. §§ 552(a)(6)(A)(i)-(iii).

**PRAYER FOR RELIEF**

WHEREFORE, Dr. Kanter respectfully requests that this Court enter a judgment for Plaintiff and award the following relief:

a. Order Defendant, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's request;

b. Order Defendant, by a date certain, to demonstrate that they have conducted an adequate search;

c. Order Defendant, by a date certain, to produce to Plaintiff all non-exempt records or portions of records responsive to Plaintiff's request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

d. Enjoin Defendant from withholding the requested records;

e. Award Plaintiff its costs and attorney fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

f. Grant Plaintiff such other and further relief as the Court may deem just and proper.

Dated: September 29, 2026

Respectfully submitted,

/s/ Kevin T. Barnett

Kevin T. Barnett
Kevin N. Dorn
BAKER & HOSTETLER LLP
1717 K Street, NW, Suite 800
Washington, DC 20006
Telephone: 202.861.1500
Facsimile: 202.861.1783
Attorneys for Dr. Kanter